IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,137-01 and WR-65,137-02






EX PARTE CLINTON LEE YOUNG









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

IN CAUSE NO. 27,181 IN THE 385TH DISTRICT COURT

MIDLAND COUNTY



 Per curiam. 


O R D E R



 These are post conviction applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On March 27, 2003, a jury convicted applicant of the offense of capital murder. The
jury also answered the special issues submitted pursuant to Article 37.071 of the Texas Code
of Criminal Procedure in the favor of the State. The trial court, accordingly, set punishment
at death on April 14, 2003. This Court subsequently affirmed applicant's conviction and
sentence on direct appeal in an unpublished opinion. Young v. State, No. 74,643 (Tex. Crim.
App. Sept. 28, 2005).

 In his initial writ application, applicant presents fourteen allegations in which he
challenges the validity of his conviction and the resulting sentence. A hearing was held, and
the trial judge entered findings of fact and conclusions of law recommending that relief be
denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial court's recommendation and adopt the trial judge's findings and
conclusions. Based upon these findings and conclusions and our own review of the record,
relief is denied.

 This Court has also reviewed applicant's additional claims numbered fifteen to
twenty-two, an unnumbered claim related to "any matter raised by the voir dire transcripts,"
and a document entitled "Applicant's Pro se Complaints." All of these claims were filed
after the deadline provided for filing an initial application for a writ of habeas corpus but
were forwarded to this Court with the initial writ application. We have considered all of
these additional claims and find that they constitute, in toto, a subsequent writ application. 
See Tex. Code Crim. Proc. art. 11.071 § 5. We further find that the claims in the
subsequent application fail to meet one of the exceptions provided for in Section 5 of Article
11.071, and thus, we dismiss the subsequent application as an abuse of the writ. 

 IT IS SO ORDERED THIS THE 20TH DAY OF DECEMBER, 2006.

Do Not Publish